UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| In Re: | ) | Chapter 13 Case Number: **14-33854** |
|---|---|---|
| | ) | |
| CHARLES T. PUHL, JR. | ) | Judge: **WHIPPLE** |
| JENNIFER R. PUHL | ) | |
| Debtor(s) | ) | |
| | ) | **CHAPTER 13 PLAN** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**NOTICE: (Check One)**

___This plan **DOES NOT** include any provision deviating from the uniform plan in effect at the time of the filing of this case.

**_X_** This plan **DOES** contain special provisions that must be and are set forth in Article 11 below.

**YOUR RIGHTS WILL BE AFFECTED.** You should read this plan carefully and discuss it with your attorney. Anyone who wishes to oppose any provision of plan must file with the court a timely written objection. This plan may be confirmed and become binding without further notice or hearing unless a timely written objection is filed. **Creditors must file a proof of claim with the court in order to receive distributions under this plan.**

**1. PLAN PAYMENTS**

Within 30 days of the filing of this bankruptcy case, the Debtor or Debtors (hereinafter "Debtor") shall commence making monthly plan payments (the "Monthly Plan Payment") pursuant to 11 U.S.C. §1326(a)(1), as follows:

    A.    To the Chapter 13 Trustee (hereinafter "Trustee"): **$ 2,393.00** [A] per month, payable in Monthly **_X_** semi-monthly ____ bi-weekly ____ weekly ____ installments of $2,393.00 each.

        and, unless the court otherwise orders,

    B.    (1) To secured creditors as adequate protection: **$1,442.00** per month allocated as follows:

| Creditor | Collateral | Estimated Amount | Estimated Payment |
|---|---|---|---|
| Bank of America 4161 Piedmont Parkway Greensboro, NC 27410 | 2320 Scott Road Swanton, Ohio 43558 | $ 102,385.00 | $ 1,342.00 |
| Bank of America 4161 Piedmont Parkway Greensboro, NC 27410 | 2320 Scott Road Swanton, Ohio 43558 | $ 12,961.00 | $ 100.00 |

Prior to confirmation, the Debtors shall provide the Trustee with evidence of post-petition payments made by the Debtors to secured creditors (Bank of America) as adequate protection payments and to lessors as lease payments.

Upon confirmation of this plan, the Debtors shall make the entire Monthly Payment of **$3,835.00** [A+B] to the Trustee.

C. The projected length of this plan is at least **57** months, as estimated by the debtors. If claims are filed in amounts greater than the amounts of the scheduled debts, this plan may extend beyond its stated term without further application or notice, but the length of this plan may not exceed sixty months, pursuant to 11 U.S.C. §1322(d).

## 2. ORDER OF DISTRIBUTION

After confirmation of this plan, funds available for distribution will be paid monthly by the Trustee in the following order: (i) Trustee's authorized percentage fee and/or administrative expenses; (ii) attorney fees as allowed under applicable rules and guidelines; (iii) monthly payments as provided for in Articles 3, 4 and 9; (iv) priority domestic support obligation claims pursuant to 11 U.S.C. §507(a)(1); (v) other priority unsecured claims pursuant to 11 U.S.C. §507(a); and (vi) general unsecured claims. If the Trustee has received insufficient funds from the Debtor to make the monthly payment to secured creditors, the Trustee may pay secured creditor claims on a pro-rata basis. Unless a claim objection is sustained, a motion to value collateral or to avoid a lien is granted, or the court otherwise orders, distributions on account of claims in Articles 3(A), 4(A), 5, 6, 7, and 9 will be based upon the classification and amount stated in each claim holder's proof of claim rather than any classification or amount stated in this plan.

## 3. CLAIMS SECURED BY REAL PROPERTY

### A. Mortgage and Real Estate Tax Arrearages

Upon confirmation of the Debtors' Chapter 13 Plan, Trustee shall pay the monthly payment amount to allowed claims for mortgage arrearages and real estate tax arrearages. Debtors shall pay all pre-confirmation mortgage payments (for both FIRST and SECOND mortgages respectively) directly to said mortgage company (Bank of America). Debtors will pay all post-confirmation mortgage payments directly to the Trustee who will make the mortgage payments.

| CREDITOR | PROPERTY ADDRESS | ESTIMATED ARREARAGE CLAIM | MONTHLY PAYMENT (paid by Trustee) |
|---|---|---|---|
| Bank of America 4161 Piedmont Parkway Greensboro, NC 27410 | 2320 Scott Road Swanton, Ohio 43558 | $ 7,000.00 | Pro Rata (1st Mortgage) |
| Bank of America 4161 Piedmont Parkway Greensboro, NC 27410 | 2320 Scott Road Swanton, Ohio 43558 | $ 500.00 | Pro Rata (2nd Mortgage) |

## 4. CLAIMS SECURED BY PERSONAL PROPERTY

### A. Secured Claims to be Paid in Full Through the Plan:

Trustee shall pay the following claims in full and in equal monthly payments. In the event that Relief from Stay is granted, the creditor is required to file a report of sale promptly following the liquidation of the Collateral, and the Creditor shall be required to file an unsecured deficiency claim within 60 days after the liquidation of the Collateral, if such claim exists.

| CREDITOR | COLLATERAL DESCRIPTION | CLAIM AMOUNT | INTEREST RATE | MONTHLY PAYMENT (Paid by Trustee) |
|---|---|---|---|---|
| | | | | |

It is assumed that the proof of claim will control in computing interest. In the event that the Plan and the proof of claim are not the same, the Debtor reserves the right to object to the proof of claim.

### B. Secured Claims NOT to be Paid in Full Through the Plan (conduit):

Claims specified below are debts secured by personal property not provided for in Article 4(A) above. Trustee shall pay the allowed claims the secured amount with interest and in equal monthly payments as specified below. The portion of any allowed claim that exceeds the secured amount will be treated as an unsecured claim. Upon confirmation, the secured amount and interest rate specified below, or as modified, will be binding pursuant to 11 U.S.C. §1327 unless a timely written objection to confirmation is filed and sustained by the court.

| CREDITOR | COLLATERAL DESCRIPTION | SECURED AMOUNT | INTEREST RATE | MONTHLY PMT. (Paid by Trustee) |
|---|---|---|---|---|
| | | | | |

**C. Secured Claims to be Paid by Debtor(s) Outside the Plan:**

Claims specified below are debts secured by personal property not provided for in Articles 4(A) and/or (B) above. The Debtor(s) shall pay the claims outside of the Plan.

| CREDITOR | COLLATERAL DESCRIPTION | INTEREST RATE |
|---|---|---|
| Ally Financial<br>PO Box 380901<br>Minneapolis, MN 55438-0901 | 2012 Jeep Liberty | Contract Rate |
| Citizens Bank<br>1 Citizens Drive<br>Riverside, RI 02915-3019 | 2009 Dodge Ram | Contract Rate |
| Toledo Teachers Credit Union<br>420 E. Manhattan Blvd.<br>Toledo, Ohio 43608 | 2010 Harley Davidson | Contract Rate |

**5. DOMESTIC SUPPORT OBLIGATIONS**

Debtor __X__ does ____ does not have domestic support obligations pursuant to 11 U.S.C. §101(14A)

If the Debtor does have domestic support obligations:
The holder(s) of any claims for domestic support obligations pursuant to 11 U.S.C. §1302(d) are as specified below. If the holder of a claim is a minor, the name and address of the minor holder, shall be disclosed to the Trustee contemporaneously with the filing of this plan in compliance with 11 U.S.C. §112.

| HOLDER NAME | ADDRESS & TELEPHONE |
|---|---|
| Jacqueline Griesiger | 1333 Birch Street<br>Maumee, Ohio 43537 |
| Lucas County CSEA | 701 Adams Street<br>Toledo, Ohio 43604 |

Trustee shall pay pursuant to 11 U.S.C. §507(a)(1) on a pro-rata basis the allowed arrearage claims for domestic support obligations. Debtor shall pay all post-petition domestic support obligations as those payments ordinarily come due.

| CREDITOR | CREDITOR ADDRESS | ESTIMATED ARREARAGE |
|---|---|---|

### 6. OTHER PRIORITY CLAIMS

Trustee shall pay pursuant to 11 U.S.C. §507(a) on a pro-rata basis other allowed unsecured priority claims.

| CREDITOR | ESTIMATED CLAIM AMOUNT |
|---|---|
| Internal Revenue Service<br>PO Box 931000<br>Louisville, KY 40293-1000 | $ 15,000.00 |
| Ohio Department of Taxation<br>PO Box 931000<br>Columbus, OH 43218-2402 | $    329.76 |

### 7. GENERAL UNSECURED CLAIMS

Debtor estimates the total of the non-priority unsecured debt to be **$89,290.24**. Trustee will pay to creditors with allowed non-priority unsecured claims a pro-rata share of **$89,290.24** or **100** %, whichever is greater.

### 8. PROPERTY TO BE SURRENDERED

Debtor surrenders the following property no later than 30 days from the filing of the case unless specified otherwise in the plan. Unless otherwise stated in this plan, the creditor may file a claim for the deficiency and will be treated as a non-priority unsecured creditor. Any unsecured deficiency claim must be filed by the bar date for claims or allowed by separate order of the court.

| CREDITOR | PROPERTY DESCRIPTION |
|---|---|

### 9. EXECUTORY CONTRACTS AND UNEXPIRED LEASES

All executory contracts and unexpired leases are rejected except the following, which are assumed. Trustee shall pay the monthly payment amount to allowed claims for executory contract arrearages and unexpired lease arrearages. Debtor shall pay all post-petition payments that ordinarily come due beginning with the first payment due after the filing of the case.

| CREDITOR | PROPERTY DESCRIPTION | ESTIMATED ARREARAGE | MONTHLY PAYMENT (Paid by the Trustee) |
|---|---|---|---|

## 10. OTHER PLAN PROVISIONS

(a) Property of the estate shall revest in the Debtor upon confirmation ___, upon discharge, ___, dismissal ___-, or completion of the plan -----. If the Debtor has not marked one of the boxes, property of the estate shall revest in the Debtor upon confirmation. If the Debtor has elected to have property of the estate revest in the Debtor upon discharge or dismissal, the Debtor must maintain adequate insurance of all property in the estate. Unless otherwise ordered, the Debtor shall remain in possession of all property of the estate during the pendency of this case.

(b) The treatment of the claims of creditors as set forth in this plan shall become absolute upon confirmation, pursuant to 11 U.S.C. §1327. Therefore, if a creditor or contract party named herein objects to this plan, including the valuation of security, interest to be paid, and the treatment of executory contracts and unexpired leases, a formal objection to confirmation must be timely filed with the court.

(c) This plan incorporates 11 U.S.C. §1325(a)(5)(B)(i) with respect to each allowed secured claim provided for by this plan.

(d) Notwithstanding the automatic stay, creditors and lessors provided for in Articles 3(A) and 9 of this plan may continue to mail customary notices or coupons to the Debtor.

(e) Debtor shall not transfer any interest in real property or incur additional debt exceeding $500.00 in the aggregate without prior notice to the Trustee and without first obtaining the approval of the court as stated in applicable Administrative Orders. Failure to comply with the provisions of this paragraph may lead to the dismissal of this case or the conversion of this case to Chapter 7.

## 11. SPECIAL PROVISIONS

This plan shall include the provisions set forth below. **NOTE: The provisions set forth below will not be effective unless there is a check in the second *notice box* preceding Article 1.**

**Debtors will pay all pre-confirmation FIRST AND SECOND mortgage payments directly to the mortgage company (Bank of America). Debtors will pay all post-confirmation FIRST AND SECOND mortgage payments directly to the Trustee who will make said mortgage payments.**

**Debtors will contribute all tax refunds during the Chapter 13 Plan period, if required.**

**All priority claims listed herein shall be paid at 100%. (i.e. Internal Revenue Service and Ohio Department of Taxation).**

**Debtors will continue making all vehicle payments (re: 2012 Jeep Liberty) to Ally Financial, <u>OUTSIDE</u> the Chapter 13 Plan.**

**Debtors will continue making all vehicle payments (re: 2009 Dodge Ram) to Citizens Bank, <u>OUTSIDE</u> the Chapter 13 Plan.**

**Debtors will continue making all vehicle payments (re: 2010 Harley Davidson Motorcycle) to Toledo Teachers Credit Union, <u>OUTSIDE</u> the Chapter 13 Plan.**

_____          _____
**Charles T. Puhl, Jr.**                 **Scott E. France, Esq. (0081806)**
DEBTOR                                   ATTORNEY FOR DEBTOR

_Jennifer R. Puhl_
**Jennifer R. Puhl**
DEBTOR

Date: 10/ 20 /14